IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| VICTORY MEDICAL CENTER BEAUMONT, LP, AND NEIL GILMOUR, TRUSTEE FOR THE GRANTOR TRUST OF VICTORY PARENT COMPANY, LLC | § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 1:17-CV-00048 |
| vs. | § § § | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA CORPORATION | § § § § | |
| Defendants. | § | |

# DEFENDANTS' MOTION TO DISMISS

Eliot T. Burriss
State Bar No. 24040611
McDermott Will & Emery
2501 N. Harwood, Suite 1900
Dallas, Texas 75201
(Tel) 214.295.8093
(Fax) 972.920.3117
eburriss@mwe.com

**Attorneys for Defendants Cigna Corporation and Connecticut General Life Insurance Company**

**TABLE OF CONTENTS**
(continued)

Page

I. INTRODUCTION ........................................................................................................... 2
II. STATEMENT OF RELEVANT FACTS ....................................................................... 3
III. ARGUMENTS AND AUTHORITIES........................................................................... 5
    A. Pleading Standard ............................................................................................... 5
    B. ERISA Preempts Plaintiffs' Claims for Breach of Fiduciary Duty and Unjust Enrichment. ............................................................................................. 6
    C. Plaintiffs Failed to Plead Sufficient Facts to Establish Standing to Assert Claims for Breach of Fiduciary Duty.................................................................. 10
    D. Plaintiffs Failed to Plead Sufficient Facts to Establish Standing to Assert Claims Under Self-Funded Plans......................................................................... 11
IV. CONCLUSION................................................................................................................ 12

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Aetna Health Inc. v. Davila*,
 542 U.S. 200 (2004) ............................................................................................... 6, 7, 9

*Am. Surgical Assistants, Inc. v. Great W. Healthcare of Tex., Inc.*,
 2010 WL 565283 (S.D. Tex. Feb. 17, 2010) .................................................................. 10

*Ambulatory Infusion Therapy Specialist, Inc. v. N. Am. Adm'rs, Inc.*,
 262 S.W.3d 107 (Tex. App.—Houston [1st Dist.] 2008, no. pet.) .................................... 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .......................................................................................................... 5

*Associated Builders, Inc. v. Ala. Power Co.*,
 505 F.2d 97 (5th Cir. 1974) .............................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..................................................................................................... 5, 6

*Biohealth Med. Lab., Inc. v. Connecticut Gen. Life Ins. Co.*,
 No. 1:15-CV-23075-KMM, 2016 WL 375012 (S.D. Fla. Feb. 1, 2016) ....................... 11

*Fernandez–Montes v. Allied Pilots Ass'n*,
 987 F.2d 278 (5th Cir. 1993) ............................................................................................ 6

*Franks v. Prudential Health Care Plan, Inc.*,
 164 F. Supp. 2d 865 (W.D. Tex. 2005) ............................................................................ 9

*Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*,
 426 F.3d 330 (5th Cir. 2005) .......................................................................................... 10

*Health Care Serv. Corp. v. Methodist Hosps. of Dallas*,
 814 F.3d 242 (5th Cir. 2016) .......................................................................................... 11

*Lormand v. US Unwired, Inc.*,
 565 F.3d 228 (5th Cir. 2009) ............................................................................................ 6

*Machete Prods., L.L.C. v. Page*,
 809 F.3d 281 (5th Cir. 2015) ............................................................................................ 6

*Med. Univ. Hosp. Auth./Med. Ctr. of the Med. Univ. of S. Carolina v. Oceana Resorts, LLC*, No. 2:11-CV-1522, 2012 WL 683938 (D.S.C. Mar. 2, 2012) ....................... 11

*Metropolitan Life Ins. Co. v. Taylor*,
 481 U.S. 58 (1987) ...................................................................................................... 7

*Pilot Life Ins. Co. v. Dedeaux*,
 481 U.S. 41 (1987) ...................................................................................................... 7

*Spiller v. City of Tex. City, Police Dep't*,
 130 F.3d 162 (5th Cir. 1997) ...................................................................................... 6

*St. Luke's Episcopal Hosp. Corp. v. Stevens Transp., Inc.*,
 172 F. Supp. 2d 837 (S.D. Tex. 2001) ....................................................................... 9

*Tango Transport v. Healthcare Fin. Servs. LLC*,
 322 F.3d 888 (5th Cir. 2003) .................................................................................... 10

*Tex. Life, Accident & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord*,
 105 F.3d 210 (5th Cir. 1997) .............................................................................. 10, 11

**STATUTES**

29 U.S.C. § 1132(a) .......................................................................................................... 10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) .................................................................... 1, 6

Defendants Connecticut General Life Insurance Company and Cigna Corporation (collectively, "Cigna" or "Defendants") hereby file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss, in part, the Original Complaint (the "Complaint") filed by Victory Medical Center Beaumont, LP ("Victory Beaumont") and Trustee Neil Gilmour as Trustee for the Grantor Trust of Victory Parent Company, LLC (the "Trustee").

## I. INTRODUCTION

Cigna administers and insures employee health and welfare benefit plans. Victory Parent Company, LLC held certain interests in medical centers that operated throughout the State of Texas under the Victory name. Those centers include Victory Beaumont, as well Victory Medical Center Plano, LP, Victory Medical Center Mid Cities, LP, and Victory Medical Center Craig Ranch, LP[1] (collectively, "Victory"). Victory, collectively, submitted millions of dollars of inflated claims for reimbursement to Cigna over a period of several years.

Cigna paid claims submitted by Victory for a period of time. Eventually, however, a dispute arose between Cigna and Victory regarding certain business practices that Victory employed to increase patient turnover and its overall level of reimbursements, and, therefore, revenues. Ultimately, that dispute culminated in Victory filing suit against Cigna in the United States District Court for the Southern District of Texas.

After litigating for a period of time, Cigna and Victory settled their dispute. As part of the resolution, the parties executed several settlement agreements that, among other things, (1) addressed the processing of claims submitted to Cigna by Victory, (2) contained mutual releases, and (3) obligated Cigna to pay Victory several million dollars. The settlement agreements were negotiated at arms' length and with the assistance of counsel.

---

[1] Victory Medical Center Plano, LP, Victory Medical Center Mid Cities, LP, and Victory Medical Center Craig Ranch, together with Victory Parent Company, LLC are referred to herein as the "Victory Debtors."

Based upon Victory's representations and commitments, Cigna executed the settlement agreements and paid the requisite settlement amounts. Then, almost immediately after the settlements were executed, several of the Victory entities filed for protection under the United States Bankruptcy Code. The Trustee, representing the interests of several Victory entities, proceeded to file an adversary proceeding against Cigna in an effort to set aside the settlement agreements that it willingly and knowingly entered into—though the Trustee has not returned the settlement funds that were paid.

Subsequently, Victory Beaumont and the Trustee filed this action. The allegations in the Complaint in this action are substantially similar to the allegations the Trustee relies upon in the adversary proceeding.[2] In both cases, the allegations demonstrate that, in the event that Plaintiffs are able to present any credible argument that the Settlement Agreements should be set aside, which Cigna vigorously contests, the ultimate relief Plaintiffs seek with respect to their state law claims for breach of fiduciary duty and unjust enrichment is the payment of benefits that are alleged to be due and owing under benefit plans that are subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. Because Plaintiffs' state law claims duplicate the relief available under ERISA, those claims are preempted and should be dismissed.

In addition, the allegations in the Complaint fail to demonstrate that Plaintiffs have derivative standing to maintain claims against Cigna for breach of fiduciary duty or to pursue claims for benefits under self-funded benefit plans (as opposed to fully-insured plans). Accordingly, Plaintiffs' claims should be dismissed for these reasons as well.

---

[2] *In re Victory Medical Center Mid-Cities, L*P., Adversary Proceeding No. 17-04000-rfn, In the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division.

## II. STATEMENT OF RELEVANT FACTS

Cigna administers or insures employee health and welfare benefit plans. (Compl., ¶ 15.) In that capacity, Cigna, among other things, processes and pays the appropriate amount for covered healthcare services provided to persons covered under the Cigna insured or administered health benefit plans. (Compl., ¶ 16.) The amount Cigna reimburses depends on a variety of factors, including but not limited to, whether the provider submitting the claims to Cigna is an in-network or out-of-network provider. (Compl., ¶ 16.)

Victory was comprised of a set of healthcare facilities that were located throughout the State of Texas. (Compl., ¶ 15.) For a period of time, Victory submitted claims to Cigna, which Cigna processed and paid. (Compl., ¶ 24.) A dispute then arose between Cigna and Victory regarding the manner in which Victory, in Cigna's view, provided distorted and unlawful incentives to patients and physicians to use Victory's out-of-network facilities.

As a result of that dispute, certain Victory entities sued Cigna in the United States District Court for the Southern District of Texas, Case No. 4:13-cv-01654 (the "Prior Litigation").[3] The allegations in the Prior Litigation relating to the basis for denying claims submitted by the Victory Plaintiffs[4] are substantively similar to the allegations in the Complaint filed in this proceeding. That is, in effect, the Victory Plaintiffs asserted that Cigna had wrongfully denied or underpaid claims submitted to Cigna. The Victory Plaintiffs asserted a claim for benefits under Section 502(a)(1)(B) of ERISA against Cigna, in addition to certain other state law claims. (See Exhibit A.) The Victory Plaintiffs sought to recover approximately $22.5 million in benefits on claims that they alleged Cigna had either wrongfully denied or underpaid. (Compl., ¶ 37.)

---

[3] A true and correct copy of the Second Amended Complaint filed in that action is attached hereto as Exhibit A.
[4] The plaintiffs if the Prior Litigation are referred to herein as the Victory Plaintiffs.

After the Prior Litigation was filed, certain Cigna and Victory entities entered into several settlement agreements (the "Settlement Agreements"). (Compl., ¶ 37.) Pursuant to those Settlement Agreements, Cigna agreed to pay and process claims in accordance with the terms of the Settlement Agreements. (Compl., ¶ 38.) Cigna also agreed to pay several million dollars in exchange for mutual releases and dismissal of the Prior Litigation. (Compl., ¶ 38.)

Very shortly after the Settlement Agreements were signed and Cigna paid literally millions of dollars to Victory, the Victory Debtors filed for protection under the United States Bankruptcy Code. (Compl., ¶ 37.) The Victory Debtors then filed an adversary proceeding, seeking to set aside the Settlement Agreements as fraudulent transfers under the Bankruptcy Code and Texas law, thereby enabling the Victory Debtors to renew their pursuit of payment of benefits under the plans that Cigna administers or insures—plans that Plaintiffs acknowledge are subject to ERISA.

Shortly thereafter, Plaintiffs filed this action seeking the same relief that the Victory Debtors and the Trustee are seeking in the adversary proceeding—to set aside the Settlement Agreements (that were negotiated at arms' length and with the assistance of counsel) and renew the effort to pursue additional benefits alleged to be due under plans Cigna administered or insured.

As discussed below, even when the foregoing allegations are accepted as true, the Complaint fails to state a claim for breach of fiduciary duty, unjust enrichment, or exemplary damages. As a result, Cigna hereby moves to dismiss those claims.

**III.   ARGUMENTS AND AUTHORITIES**

Plaintiffs have asserted six claims for relief in the Complaint. Counts I and II seek to invalidate the Settlement Agreements as fraudulent conveyances or as the product of economic duress. Counts III and IV, breach of fiduciary duty and unjust enrichment, seek to recover benefits alleged to be due under ERISA-governed benefit plans administered or insured by Cigna. Count V seeks attorneys' fees, and Count VI seeks exemplary damages. Cigna moves to dismiss Counts III and IV, as well as Count VI.

### A. Pleading Standard

Under Rule 12 of the Federal Rules of Civil Procedure, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted).

Although a plaintiff's allegations generally must be accepted as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *See Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 570). Conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993); *Spiller v. City of Tex. City,*

*Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997); *Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974).

In addition, when evaluating a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S. Ct. 2499, 2509 (2007)).

**B.     ERISA Preempts the Claims for Breach of Fiduciary Duty and Unjust Enrichment.**

To ensure that the regulation of employee benefit plans is "exclusively a federal concern," ERISA preempts any state laws claims that seek to enforce rights or obtain benefits under ERISA-governed benefit plans. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-9 (2004). Specifically, Section 502(a) of ERISA provides "the exclusive vehicle" for actions by participants or beneficiaries complaining of the alleged improper processing of a claim for benefits under an ERISA plan. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987). As a result, ERISA preempts state law claims asserted when a plan participant, beneficiary, or benefits assignee seeks to enforce the rights protected by Section 502(a) of ERISA. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987).

Furthermore, the preemptive force of ERISA does not hinge upon whether the state law cause of action precisely mirrors a claim under Section 502(a). *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). With the enactment of ERISA, Congress set forth a comprehensive civil enforcement scheme for prompt and fair settlement of health care claims. *Id*. at 216. Accordingly, the fact that a state law cause of action may permit the recovery of remedies

beyond those authorized under Section 502(a) of ERISA does not remove such a claim from the preemptive reach of ERISA. *Id*. at 214-15. Any claim that seeks remedies based upon the alleged wrongful denial of benefits afforded under an ERISA governed plan is preempted. *Id*. at 221. This is true no matter how cleverly a party has pleaded its claims to make them appear as though they only include state law claims. To hold otherwise would undermine Congress's intent that Section 502(a) be the exclusive remedy for a denial of benefits under an ERISA plan. *See Metropolitan Life*, 481 U.S. at 64-65.

Although Plaintiffs did not assert a claim for benefits under Section 502(a)(1)(B) of ERISA, the allegations in the Complaint demonstrate that Plaintiffs seek to recover benefits alleged to be due under benefit plans that Plaintiffs acknowledge are governed by ERISA. With regard to the claims for breach of fiduciary duty and unjust enrichment, the Complaint is clear that to the extent Plaintiffs can set aside the releases in the Settlement Agreements, Plaintiffs seek to recover benefits under ERISA governed plans. (Compl., ¶¶ 24-25.) For example, Plaintiffs assert throughout the Complaint that Cigna's alleged failure to process and/or pay claims submitted by Victory violated ERISA. (Compl., ¶¶ 23, 36.) Plaintiffs further allege that Cigna failed to process the claims pursuant to the relevant benefit plans and ERISA, and denied Victory Beaumont a meaningful opportunity to appeal the claims decisions. (Compl., ¶ 35.) In fact, Plaintiffs go so far as to allege the Cigna's denial of the claims submitted by Victory Beaumont constitutes an abuse of the discretionary authority conferred upon Cigna under ERISA. (Compl., ¶36.)

The foregoing allegations leave little doubt that the fundamental relief Plaintiffs seek in this action is the recovery of benefits believed to be due under benefit plans that Plaintiffs readily acknowledge to be governed by ERISA. Yet, Plaintiffs have not asserted a claim for benefits

under ERISA. Instead, in an attempt to broaden the relief available to them, Plaintiffs have asserted claims for breach of fiduciary duty, unjust enrichment, and exemplary damages. It is well-settled, however, that Section 502(a) of ERISA is the exclusive mechanism for challenging claim denials under ERISA plans and, therefore, preempts Plaintiffs' state law claims. *See Lone Star OB/GYN Assocs.*, 579 F.3d at 528–29 (citing *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999)).

Where a medical services provider such as Victory Beaumont asserts legal "theories and claims that are available only to the beneficiary or insured under an insurance policy" governed by ERISA, its claims are completely preempted. *See St. Luke's Episcopal Hosp. Corp. v. Stevens Transp., Inc.,* 172 F. Supp. 2d 837, 844 (S.D. Tex. 2001); *Davila*, 542 U.S. at 213-14; *see, also, e.g.*, *Lone Star OB/GYN Assocs.*, 579 F.3d at 532 (ERISA preempts claims under Texas' prompt pay laws); *Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 873 (W.D. Tex. 2005); *St. Luke's Episcopal Hosp. Corp. v. Stevens Transp. Inc.*, 172 F. Supp. 2d 837, 843 (S.D. Tex. 2001) (ERISA preempted claims under Texas Insurance Code and Texas Deceptive Trade Practices Act); *Ambulatory Infusion Therapy Specialist, Inc. v. N. Am. Adm'rs, Inc.*, 262 S.W.3d 107, 117 (Tex. App.—Houston [1st Dist.] 2008, no. pet.) (ERISA preempted negligent misrepresentation and promissory estoppel claims). Thus, Plaintiffs' claims for breach of fiduciary duty and unjust enrichment are preempted and should be dismissed.

**C.     Plaintiffs Failed to Plead Sufficient Facts to Establish Standing to Assert Claims for Breach of Fiduciary Duty.**

As discussed above, Plaintiffs' claim for breach of fiduciary is preempted and should be dismissed. That is not the only bar to that claim, however. The allegations in the Complaint fail to demonstrate that Plaintiffs have standing to pursue claims for breach of fiduciary duty on behalf of the plan participants and beneficiaries in whose right Plaintiffs purport to sue.

Standing to sue under ERISA "is limited to participants, beneficiaries, the Secretary, or fiduciaries." *Tango Transport v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 891 (5th Cir. 2003); *see* 29 U.S.C. § 1132(a). Therefore, a medical provider that is not an ERISA participant, beneficiary, or fiduciary generally lacks standing to maintain claims under ERISA. *See Tango Transport*, 322 F.3d at 891. The Fifth Circuit, however, has created an exception to this rule, finding that a medical provider may nevertheless obtain derivative standing to enforce a beneficiary's claims by virtue of a valid assignment of benefits granted to the provider by the plan participant or beneficiary. *See id.* at 892; *see also Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 333–34 (5th Cir. 2005).

The Fifth Circuit Court of Appeals has cautioned that an assignment of the right to recover benefits under ERISA does not necessarily encompass the right to maintain a claim for breach of fiduciary duty. According to the Court of Appeals, "only an express and knowing assignment of an ERISA fiduciary breach claim is valid." *Tex. Life, Accident & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord*, 105 F.3d 210, 218 (5th Cir. 1997). Under this standard, for a medical care provider to have derivative standing to maintain a claim for breach of fiduciary duty, it must plead that its "patients expressly and knowingly assigned their rights to sue for breach of fiduciary duty." *Am. Surgical Assistants, Inc. v. Great W. Healthcare of Tex., Inc.*, 2010 WL 565283, at *4 (S.D. Tex. Feb. 17, 2010). *Texas Life, Acc. Health & Hosp. Service Ins. Guar. Ass'n*, 105 F.3d at 218 (only an express and knowing assignment of an ERISA fiduciary breach claim is valid)

While Plaintiffs allege that Victory Healthcare[5] obtained assignments from the plan beneficiaries that confer Plaintiffs with the right to pursue claims for benefits, the allegations in

---

[5] Defined in the Complaint as all facilities owned or operated by Victory Debtors in the Dallas-Fort Worth area. (Comp., n. 2).

the Complaint fail to demonstrate Plaintiffs have the right to pursue claims for breach of fiduciary duty or other related claims. In an effort to establish standing, Plaintiffs attempt to rely on the lone statement in the Complaint that the Cigna beneficiaries assigned "causes of action for breach of fiduciary duty" to Victory Healthcare. This conclusory statement, however, is insufficient to establish Plaintiffs' standing to sue for breach of fiduciary duty. Plaintiffs fail to attach a single representative assignment to Complaint. Plaintiffs also fail to recite the specific language of the "documentation" that purportedly contains the assignments in question. In fact, Plaintiffs do not expressly allege that an assignment was granted to either party that is a plaintiff in this action. Instead, the Complaint merely alleges that assignments were obtained by "Victory Healthcare," which, according to Plaintiffs, refers only to Victory facilities operated in the Dallas-Fort Worth area.

In the absence of an express assignment of the right to bring claims for breach of fiduciary duty under ERISA, Plaintiffs lack derivative standing to maintain claims for breach of fiduciary duty. Therefore, Plaintiffs claim for breach of fiduciary duty, as well as the claim for exemplary damages, should be dismissed.

      **D.**    **Plaintiffs Failed to Plead Sufficient Facts to Establish Standing to Assert Claims Under Self-Funded Plans.**

Generally, there are two broad classes of benefit plans: (1) insured plans where Cigna issues or underwrites an insurance policy to fund the benefits available; or (2) self-insured plans where the plans and the plan participants fund the benefits available, and Cigna administers the claims submitted under the plans.

In the Complaint, Plaintiffs affirmatively state that the assignments Plaintiffs purportedly obtained are limited in scope to the assignment of insurance benefits. (*See* Compl., ¶ 26.) Thus, the assignments, to the extent they were executed, do not extend to any claims made under self-

funded plans for which Cigna provides administrative services only. This is a significant admission as self-funded benefit plans are not insurance and do not fall within the same regulatory scheme as insurance policies. *Health Care Serv. Corp. v. Methodist Hosps. of Dallas*, 814 F.3d 242, 248 (5th Cir. 2016) (citing *Tex. Dep't of Ins. v. Am. Nat'l Ins. Co.*, 410 S.W.3d 843, 849 (Tex. 2012)). As such, based on the Plaintiffs' own allegations, Plaintiffs lack standing to bring causes of action to recover benefits under the self-funded plans. *See Biohealth Med. Lab., Inc. v. Connecticut Gen. Life Ins. Co.*, No. 1:15-CV-23075-KMM, 2016 WL 375012, at *3 (S.D. Fla. Feb. 1, 2016) (dismissing claims arising under self-funded plans for lack of standing); *Med. Univ. Hosp. Auth./Med. Ctr. of the Med. Univ. of S. Carolina v. Oceana Resorts, LLC*, No. 2:11-CV-1522, 2012 WL 683938, at *8 (D.S.C. Mar. 2, 2012) ("Because the terms of the Consent Form do not cover self-funded employee benefits plans, the Consent Form did not give MUSC derivative standing.").

Because the purported assignments grant, at most, the right to pursue payment of insurance benefits, Plaintiffs lack standing to assert claims under self-insured plans. Accordingly, to the extent the Plaintiffs are making any claims under self-insured plans such claims should be dismissed with prejudice.

## IV. CONCLUSION

Based upon the foregoing, Defendants request the Court dismiss, with prejudice, Plaintiffs' claims for breach of fiduciary duty, unjust enrichment, and exemplary damages.

Dated: April 14, 2017         Respectfully submitted,

                              */s/ Eliot T. Burriss*_____
                              Eliot T. Burriss
                              State Bar No. 24040611
                              McDermott Will & Emery
                              2501 N. Harwood, Suite 1900
                              Dallas, Texas 75201
                              (Tel) 214.295.8093
                              (Fax) 972.920.3117
                              eburriss@mwe.com

                              **Counsel for Defendants Connecticut General Life Insurance Company and Cigna Corporation**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on April 14, 2017, and has been served on all counsel who have consented to electronic service. Any other counsel of record will be served by facsimile on this same date.

                              */s/Eliot T. Burriss*
                              Eliot T. Burriss