In the United States District Court
For the Eastern District of Texas
Beaumont Division

| | |
|---|---|
| **Victory Medical Center Beaumont, LP and Neil Gilmour, Trustee for the Grantor Trust of Victory Parent Company LLC** <br> Plaintiffs <br><br> v. <br><br> **Connecticut General Life Insurance Company and Cigna Corporation** <br> Defendants | Civil Action No. 1:17-cv-00048 |

## Plaintiffs' Response in
## Opposition to Defendants' Motion to Dismiss

Plaintiffs Victory Medical Center Beaumont, LP and Neil Gilmour, Trustee for the Grantor Trust of Victory Parent Company, LLC, file this response in opposition to Defendants' motion to dismiss (Doc. 4).

The Court should deny Defendants' motion to dismiss because (1) Plaintiffs' claims for breach of fiduciary duty and unjust enrichment are claims upon which relief can be granted under ERISA; (2) Plaintiffs adequately pleaded its standing to pursue claims for breach of fiduciary duty; (3) Plaintiffs adequately pleaded their standing to pursue claims against self-funded plans; and (4) Defendants did not substantively challenge Plaintiffs' claim for exemplary damages. Should the Court determine otherwise, however, Plaintiffs request leave to amend the complaint to address any deficiencies.

**Factual Background**

Victory Beaumont[1] was part of a system of affiliated hospitals and healthcare providers. Between 2013 and 2015, Victory Beaumont submitted $5 million worth of claims to Cigna.[2] Cigna avoided paying anything on those claims by referring each and every claim submitted by Victory Beaumont to Cigna's in-house Special Investigations Unit ("SIU") for "investigation"—that is, a Sisyphean cycle of ever-increasing, never satisfied, demands for information and documentation.[3] Cigna's SIU scheme was motivated in part by its own financial arrangements with its customers, the Plans,[4] under which it received extra compensation for saving its customers money. The SIU scheme helped Cigna accomplish that goal by avoiding payment on claims that Cigna could not lawfully deny.[5] Finally, in March 2015, Cigna released Victory Beaumont from the vice grip of the SIU and agreed to pay $700,000 on all the outstanding claims—saving Cigna (and its customers) more than $4 million.[6] After two years of dammed up cash flow, the trickle Cigna let through was too little, too late.[7] Victory Beaumont ceased operations in September 2015.

---

[1] "Victory Beaumont" refers to Plaintiffs Victory Medical Center Beaumont, LP, and Neil Gilmour, Trustee for the Granter Trust for Victory Parent Company LLC.

[2] "Cigna" refers to Defendants Connecticut General Life Insurance Company and Cigna Corporation, collectively.

[3] Doc. 1 at 6–11 (¶¶ 21, 25–33).

[4] The "Plans" refers to the healthcare benefit plans and policies of insurance provided or administered by Cigna with respect to patients treated by Victory Beaumont.

[5] Doc. 1 at 7–8 (¶ 26), 10 (¶ 31), 14 (¶ 46), 15 (¶¶ 53–56).

[6] Doc. 1 at 10–11 (¶¶ 34–35)

[7] Doc. 1 at 2–3 (¶ 10).

Victory Beaumont filed this lawsuit, seeking four remedies. First, Victory Beaumont seeks to avoid the 2015 settlement agreement and to have it declared invalid.[8] Second, Victory Beaumont seeks to recover monetary compensation from Cigna, both for the unpaid benefits and for the money Cigna was paid by the Plans for withholding those benefits.[9] Third, Victory Beaumont seeks to recover its attorney's fees and expenses incurred in enforcing its rights under ERISA.[10] Finally, Victory Beaumont seeks to recovery exemplary damages to punish Cigna for abusing its fiduciary position.[11]

On April 14, 2017, Cigna filed the motion to dismiss.[12] In the motion, Cigna made three arguments. First, Cigna stated that Victory Beaumont's claims for breach of fiduciary duty, unjust enrichment, and exemplary damages should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[13] Second, Cigna stated that Victory Beaumont's complaint failed to demonstrate standing to assert claims for breach of fiduciary duty.[14] Finally, Cigna stated that Victory Beaumont's complaint failed to demonstrate standing to assert any claims against self-funded plans.[15]

---

[8] Doc. 1 at 11–14 (¶¶ 37–47) (Claims 1 and 2).

[9] Doc. 1 at 14–15 (¶¶ 48–56) (Claims 3 and 4).

[10] Doc. 1 at 16 (¶ 57) (Claim 5).

[11] Doc. 1 at 16 (¶ 58) (Claim 6).

[12] Doc. 4.

[13] Doc. 4 at 6–8.

[14] Doc. 4 at 9–10.

[15] Doc. 4 at 10–11.

Victory Beaumont now files this response, showing that Cigna's motion should be denied in its entirety. Alternatively, if the Court determines that some of Victory Beaumont's claims were pleaded insufficiently, Victory Beaumont moves for leave to amend its complaint.

**Argument & Authorities**

**A.     Standard of Review**

Courts view motions to dismiss under Rule 12(b)(6) with disfavor and rarely grant them. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. A complaint will pass muster if it contains sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal–Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

**B.     ERISA is not a defense to ERISA claims.**

Cigna argues that Victory Beaumont's claims for breach of fiduciary duty and unjust enrichment are preempted by ERISA.[16] The crux of Cigna's argument is that "Section 502(a) [29

---

[16] Doc. 4 at 6–8. The term "ERISA" refers to the Employee Retirement Income Security Act, codified at 29 U.S.C. §§ 1001 *et seq*.

U.S.C. § 1132(a)[17]] is the exclusive mechanism for challenging claim denials under ERISA plans and, therefore, preempts the Trustee's state law claims. . . . Thus, Plaintiffs' claims for breach of fiduciary duty and unjust enrichment are preempted and should be dismissed."[18]

Cigna's argument, however, goes too far. Complete preemption is not a defense or grounds for dismissal. Rather, it is a mechanism for determining what law governs particular claims. As such, if Victory Beaumont's claims for breach of fiduciary duty and unjust enrichment are completely preempted by ERISA, that only means that the claims are governed by ERISA (as opposed to state law), not that they should be dismissed.

1. **Complete preemption is not grounds for dismissal.**

ERISA is one of the few federal statutes that enjoys the special status of complete preemption. Complete preemption is a term of art meaning that "any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). "In other words, a claim that is completely preempted by ERISA is not automatically subject to dismissal; it is subject to adjudication on its merits under the applicable provisions of ERISA." *Kersh v. UnitedHealthcare Ins. Co.*, 946 F. Supp. 2d 621, 630 (W.D. Tex. 2013).[19] If the claims are originally filed in federal court, then complete preemption is

---

[17] ERISA § 502 has been codified at 29 U.S.C. § 1132. For the sake of consistency and ease of reference, this response will refer to the provision as section 1132.

[18] Doc. 4 at 8.

[19] *But see Spear Marketing Inc. v. BancorpSouth Bank*, 791 F.3d 586, 598 n.62 (5th Cir. 2015) (noting a split among the district courts of the 5th Circuit regarding whether claims subject to complete preemption should be automatically treated as federal claims or dismissed with leave to amend) (citing *Kersh v. UnitedHealthcare Ins. Co.*, 946 F. Supp. 2d 621 (W.D. Tex. 2013) (automatically treated as a federal claim); *Encompass Office Solutions Inc. v. Ingenix Inc.*, 775 F. Supp. 2d 938 (E.D. Tex. 2011) (dismissal with leave to replead)).

5

"inapplicable." *Mid-Town Surgical Center LLP v. Humana Health Plan of Texas Inc.*, 16 F. Supp. 3d 767, 779 (S.D. Tex. 2014).

To the extent that pleaded claims seek "to recover benefits due . . . under the plan, to enforce . . . rights under the terms of the plan" or for "other appropriate equitable relief" to redress violations of the plan or of ERISA, *see* 29 U.S.C. § 1132(a)(1)(B), (3), those claims *are* ERISA claims, however they may be labeled, "and ERISA offers the sole framework for relief." *Kersh*, 946 F. Supp. 2d at 630.[20]

### 2. Victory Beaumont's claim for breach of fiduciary duty is a claim for unpaid benefits and appropriate equitable relief under ERISA.

Victory Beaumont pleaded a claim for breach of fiduciary duty, seeking two remedies. First, it seeks damages "in an amount equal to the difference between the amount owed on the claims and the amount Cigna eventually paid"[21] (the "unpaid benefits claim"). Second, it seeks "disgorgement of all amounts Cigna received from the Plans (including specifically any compensation Cigna received based on 'savings' it generated for the Plans)"[22] (the "disgorgement claim").

The unpaid benefits claim clearly falls within the ambit of section 1132(a)(1)(B). As such, ERISA provides the sole framework for deciding the "benefits due . . . under the terms of the plan," the amounts paid by Cigna, and consequently, the damages caused by Cigna's failure to pay

---

[20] Additionally, because Victory Beaumont's claims are *de jure* federal ERISA claims, they cannot be "conflict preempted"—that is, preempted because they conflict with ERISA. Put bluntly, ERISA claims cannot conflict with ERISA.

[21] Doc. 1 at 15 (¶ 52).

[22] Doc. 1 at 15 (¶¶ 52–53).

benefits. The unpaid benefits claim is a claim on which relief can be granted and should not be dismissed.

In addition to an award of unpaid benefits, ERISA also allows a plaintiff to recover "appropriate equitable relief." 11 U.S.C. § 1132(a)(3). The Supreme Court has held that section 1132(a)(3) "refer[s] to those categories of relief that, traditionally speaking (*i.e.*, prior to the merger of law and equity) were *typically* available in equity." *Cigna Corp. v. Amara*, 563 U.S. 421, 439 (2011) (italics in original; internal quotations omitted) (citing *Sereboff v. Mid Atlantic Medical Services Inc.*, 547 U.S. 356 (2006)). Those categories include affirmative and negative injunctions, reformation of written contracts, equitable estoppel, and "relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Cigna*, 563 U.S. at 439–42.

Victory Beaumont's disgorgement claim for the "extra" compensation Cigna received for obtaining savings through its SIU scheme is a request for relief in the form of monetary compensation to prevent Cigna's unjust enrichment. As such, the disgorgement claim is a claim on which relief can be granted and should not be dismissed.

**3.     Victory Beaumont's claim for unjust enrichment is a claim for appropriate equitable relief under ERISA.**

Victory Beaumont has also asserted a claim for unjust enrichment because "Cigna benefited by receiving additional compensation [for] 'savings' it generated for the Plans as a result of its bad faith, duress and taking undue advantage of its position of economic superiority over Victory Beaumont."[23] Victory Beaumont is asking for "a judgment against Cigna for the full

---

[23] Doc. 1 at 15 (¶ 54).

7

amount" of the "additional compensation [received by Cigna] as a result of achieving 'savings' in this manner."[24]

As with the disgorgement claim discussed above, Victory Beaumont's claim for unjust enrichment is a request for relief in the form of monetary compensation to prevent Cigna's unjust enrichment. As such, the claim is authorized under section 1132(a)(3), *see Cigna*, 563 U.S. at 439–42, and should not be dismissed.

### C. Victory Beaumont adequately pleaded standing to assert claims for breach of fiduciary duty.

Cigna argues that Plaintiffs' claim for breach of fiduciary duty should be dismissed for "fail[ing] to demonstrate Plaintiffs have the right to pursue claims for breach of fiduciary duty or other related claims."[25] Cigna bases its argument on two points: (1) that Plaintiffs "fail to attach a single representative assignment to [the] Complaint"; and (2) "Plaintiffs do not expressly allege that an assignment was granted to either party that is a plaintiff in this action." Both arguments fail.

In ruling on Cigna's motion, the Court "construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich American Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). In reviewing a motion to dismiss under Rule 12(b)(6), the Court cannot consider "matters outside the pleadings" without converting the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). Thus, the rules encourage the Court not to consider the evidence before it has been developed through discovery.

---

[24] Doc. 1 at 15 (¶¶ 55–56).

[25] Doc. 4 at 9–10.

Here, Cigna's first argument—that Plaintiffs' Complaint is somehow deficient because it does not attach hundreds of pages of assignment-of-benefits documentation—fails because it attempts to apply a stricter standard of review than is appropriate for motions to dismiss. Plaintiffs will eventually have to prove their case, but a response to a motion to dismiss under Rule 12(b)(6) is not the time or place for that. The Court should limit its review to what is properly before the Court—the Complaint itself.

Cigna's second argument—regarding Plaintiffs' allegations of the entity to which assignments were made—is confusing and inaccurate. Cigna states that "Plaintiffs allege that Victory Healthcare obtained assignments," and that "Victory Healthcare" is defined "in the Complaint as all facilities owned or operated by Victory Debtors in the Dallas-Fort Worth area," citing "Comp., n.2."[26] But Plaintiffs actually alleged "Victory *Beaumont* routinely and customarily obtained . . . an assignment of benefits . . . ."[27] Indeed, the phrase "Victory Healthcare" does not appear a single time in Plaintiffs' complaint. Apparently, Cigna misread or misunderstood the allegations in Plaintiffs' Complaint.

Finally, Victory Beaumont alleged that its patients "executed valid and enforceable assignment of benefit documentation, assigning to Victory Beaumont their . . . causes of action for breach of fiduciary duty."[28] Construed liberally in Victory Beaumont's favor, that statement alleges that the assignments expressly conferred the right to pursue claims for breach of fiduciary duty, as required by law. Victory Beaumont has thus adequately pleaded standing to assert a claim for breach of fiduciary duty on behalf of the participants. This claim should not be dismissed.

---

[26] Doc. 4 at 9.

[27] Doc. 1 at 7 (¶ 23) (emphasis added).

[28] Doc. 1 at 14–15 (¶ 50).

**D.  Victory Beaumont adequately pleaded standing to assert claims against self-funded plans.**

Cigna argues that some or all of Victory Beaumont's claims should be dismissed because the assignments of benefits to Victory Beaumont "do not extend to any claims made under self-insured plans for which Cigna provides administrative services only."[29] In support, Cigna cites paragraph 26 of the Complaint, but does not attach or quote any of the "purported assignments."

In ruling on Cigna's motion, the Court is limited to "the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Additionally, the Court should construe the pleaded facts "in the light most favorable to the Plaintiffs." *Ferguson*, 802 F.3d at 780 (citing *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)).

In the case at bar, neither Victory Beaumont nor Cigna attached any of the hundreds of assignments executed by participants in favor of Victory Beaumont. Putting aside Cigna's innuendos and speculation about what documents may or may not say aside, the assignments are not properly before the Court at this stage in the proceeding. The Court's assessment should be limited to the facts pleaded in the complaint, and not consider vague arguments about what certain other documents may or may not say.

The relevant paragraph of the Complaint (paragraph 23) states in full:

> Victory Beaumont routinely and customarily obtained from its patients and Cigna Subscribers an assignment of benefits and a personal guarantee to cover any balance due for healthcare services after Victory Beaumont was reimbursed by Cigna the amount allowable under the applicable Plan under which a claim was submitted. Specifically, Victory Beaumont's admission paperwork

---

[29] Doc. 4 at 10–11.

included an irrevocable assignment and an assignment of insurance benefits. The paperwork included with Victory Beaumont's claim submissions to Cigna notified Cigna that Victory Beaumont acquired an assignment of benefits for each claim submitted.[30]

If the Court were to construe the phrases "assignment of benefits" and "an irrevocable assignment and an assignment of insurance benefits" as carving out and excluding benefits payable under self-funded plans,[31] the Court would be construing the complaint narrowly and in the light most favorable to the defendant—exactly the opposite of what Rule 12(b)(6) requires. A liberal construction in the light most favorable to the Plaintiffs would interpret the phrase "assignment of benefits" as including both insurance benefits and benefits payable under self-funded plans. Accordingly, Victory Beaumont has adequately pleaded standing to assert claims under self-funded plans.

E.  **Cigna did not challenge Victory Beaumont's claim for exemplary damages.**

Cigna's motion to dismiss asked the Court to "dismiss, with prejudice, Plaintiffs' claims for breach of fiduciary duty, unjust enrichment, and exemplary damages,"[32] but Cigna's motion only addressed Victory Beaumont's claims for breach of fiduciary duty,[33] unjust enrichment,[34] and "any claims made under self-insured plans."[35] Accordingly, the Court should deny Cigna's motion

---

[30] Doc. 1 at 7 (¶ 23).

[31] *See* Doc. 4 at 10–11.

[32] Doc. 4 at 11.

[33] Doc. 4 at 6–8 (preemption by ERISA), 8–10 (lack of standing).

[34] Doc. 4 at 6–8 (preemption by ERISA).

[35] Doc. 4 at 10–11 (standing to assert claims against self-funded plans).

with respect to Victory Beaumont's claim for exemplary damages as not properly before the Court.[36]

## F. Alternatively, Victory Beaumont moves for leave to amend to address any faults in its complaint.

Victory Beaumont believes that it adequately pleaded all its allegations and that none of its claims should be dismissed for failure to state a claim on which relief can be granted. If the Court disagrees and finds fault with the complaint, the Court should grant leave to amend to cure any such deficiencies. *See Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 179–80 (5th Cir. 1977) (granting leave to amend should be granted "freely . . . when justice so requires," and "especially . . . when the trial court has dismissed the complaint for failure to state a claim"). Victory Beaumont hereby moves for such leave.

## Conclusion

The Court should deny Cigna's motion to dismiss because (1) the doctrine of complete preemption means that Victory Beaumont's claims for breach of fiduciary duty and unjust enrichment are governed by ERISA, not that they should be dismissed; (2) Victory Beaumont adequately pleaded its standing to pursue claims for breach of fiduciary duty; (3) Victory Beaumont adequately pleaded its standing to pursue claims against self-funded plans; and (4) Cigna did not substantively challenge Victory Beaumont's claim for exemplary damages. Should the Court determine otherwise, however, Victory Beaumont requests that the Court grant

---

[36] The motion's "argument" with respect to exemplary damages is limited to a single conclusory statement: "Therefore, Plaintiffs['] claim for breach of fiduciary duty, as well as the claim for exemplary damages, should be dismissed." Doc. 4 at 10. Cigna's motion does not present any argument or cite any cases showing why the claims are preempted or should be dismissed for any reason.

leave to amend the complaint to address any deficiencies and for such other and further relief to which it may be entitled.

> Respectfully submitted,
>
> **Hawash Meade Gaston Neese & Cicack LLP**
>
> */s/ Walter J. Cicack*
> Walter J. Cicack
> Texas Bar No. 04250535
> wcicack@hmgnc.com
> Jeremy M. Masten
> Texas Bar No. 24083454
> jmasten@hmgnc.com
> 2118 Smith Street
> Houston, Texas 77002
> (713) 658-9001 - tel
> (713) 658-9011 - fax
>
> **Attorney for Plaintiffs**

### Certificate of Service

I certify that a true and correct copy of the foregoing was served on the following counsel of record through the CM/ECF system on May 1, 2017:

| | |
|---|---|
| Eliot T. Burriss | Counsel for Defendants |
| McDermott Will & Emery | |
| 2501 N. Harwood, Suite 1900 | |
| Dallas, Texas 75201 | |

> */s/ Jeremy M. Masten*
> Jeremy M. Masten