IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| VICTORY MEDICAL CENTER BEAUMONT, LP, AND NEIL GILMOUR, TRUSTEE FOR THE GRANTOR TRUST OF VICTORY PARENT COMPANY, LLC | § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 1:17-CV-00048 |
| vs. | § § § | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA CORPORATION | § § § § | |
| Defendants. | § § | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Connecticut General Life Insurance Company and Cigna Corporation (collectively, "Cigna" or "Defendants") hereby file this Reply In Support of Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss, in part, Plaintiffs' Original Complaint (the "Complaint").

### I. INTRODUCTION

Defendants moved to dismiss Plaintiffs' claims for breach of fiduciary duty and unjust enrichment on the basis that, among other things, those claims duplicate the relief available under ERISA and are therefore preempted. In the Response to Cigna's Motion to Dismiss (the "Response"), Plaintiffs do not dispute the fact that their claims seek benefits alleged to be due under ERISA-governed plans and seek a remedy available under ERISA. In fact, Plaintiffs actually go so far in the Response as to admit that the claims being pursued in this case are fundamentally federal claims under ERISA. Yet, Plaintiffs fail to concede that their claims are preempted and should be dismissed.

Plaintiffs have invented a number of novel theories in attempt to preserve their state law claims. However, because Plaintiffs' claims for breach of fiduciary duty and unjust enrichment duplicate relief available under ERISA, those claims are preempted and should be dismissed. In addition, there are several additional grounds that warrant the dismissal of those claims. Therefore, Defendants respectfully request that the Court grant the Motion to Dismiss and dismiss Plaintiffs' claims for breach of fiduciary duty and unjust enrichment.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiffs' Claims for Breach of Fiduciary Duty and Unjust Enrichment are Preempted and Should Be Dismissed.

Cigna moved to dismiss Plaintiffs' claims for breach of fiduciary and unjust enrichment on the grounds that those claims seek to recover benefits alleged to be due under employee benefit plans that are subject to ERISA and are therefore preempted. In the Response, Plaintiffs do not dispute the fact that they are fundamentally seeking the payment of benefits under Section 502(a)(1)(B) of ERISA with respect to both claims. In fact, Plaintiffs concede that ERISA provides the framework for relief with respect to both claims. (Response, pp. 6-7) (The unpaid benefits claim seeks damages based upon Cigna's failure to pay benefits).

In spite of those admissions, Plaintiffs refuse to acknowledge that their claims for breach of fiduciary duty and unjust enrichment should be dismissed. Instead, they rely on a single case analyzing complete preemption under ERISA to jump to the conclusion that those claims should survive as currently pleaded because, according to the Plaintiffs, complete preemption is a procedural doctrine that cannot support dismissal of Plaintiffs' claims. (*See* Response, pp. 4-5). Plaintiffs' argument, however, not only ignores the larger body of authorities that reached the opposite conclusion, it fails to account for conflict preemption under ERISA.

More specifically, there are two types of preemption under ERISA—complete preemption and conflict preemption. *Giles v. NYLCare Health Plans, Inc*., 172 F.3d 332, 336 (5th Cir. 1999). Complete preemption under ERISA stems from Section 502(a). *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004). Under Section 502(a), "any state-law cause of action that duplicates, supplements, or supplants" ERISA's enforcement scheme conflicts with the congressional intent to make ERISA an exclusive remedy, and is therefore completely preempted. *Id*.

In addition, with respect to conflict preemption, Section 514 of ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1002(a) of this title and not exempt under section 1003(b) of this title." *See* 29 U.S.C. § 1144(a). "To establish conflict preemption, a defendant must prove: (1) the state law claims address an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among traditional ERISA entities–the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Mid–Town Surgical Center, L.L.P. v. Humana Health Plan of Texas, Inc.,* 16 F. Supp. 3d 767, 779 (S.D. Tex. 2014). (internal quotations omitted). The Fifth Circuit has also underscored that preempted state law claims are those that are "dependent on or derived from [a beneficiary's] right to recover benefits under the [ERISA plan]." *Memorial Hermann Health Sys. v. Drilling Co., LLC Employee Ben. Trust*, 12 F. Supp. 3d 1001, 1011 (S.D. Tex. 2014).

Under the foregoing authorities, there are several reasons why Plaintiffs' claims for breach of fiduciary duty and unjust enrichment cannot stand. With respect to complete preemption, Plaintiffs do not dispute that its breach of fiduciary duty and unjust enrichment

claims duplicate the relief available under Section 502 of ERISA—and are therefore completely preempted. Rather, Plaintiffs simply conclude that complete preemption is a procedural doctrine that cannot provide the basis for the dismissal of its claims. (Response p. 5). While a court in one case has reached that conclusion, the prevailing view, including the view that the Fifth Circuit Court of Appeals appears to endorse, is that completely preempted claims should be dismissed. *Roberts v. Reynolds & Reynolds Trucking, Inc.*, No. 3:15-cv-3662-B, 2016 WL 3570652, at *3 (N.D. Tex. Jul. 7, 2016) (J. Boyle) *citing Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 598, n.62 (5th Cir. 2015). As Plaintiffs willingly concede that their claims for breach of fiduciary duty and unjust enrichment duplicate the relief available under Section 502(a)(1)(B) of ERISA (*see* Response, pp. 6-7), and should therefore be dismissed.[1]

Furthermore, in addition to being preempted under the doctrine of complete preemption, Plaintiffs' claims for breach of fiduciary duty and unjust enrichment are conflict preempted as well. The requirements for conflict preemption are met for each cause of action challenged by Cigna's Motion to Dismiss as both claims: (1) are state law claims that relate to the right to receive benefits under an ERISA plan, which is an area of exclusive federal concern; and (2) directly affect the relationship among traditional ERISA entities–the plan and its fiduciaries on the one hand, and the participants and beneficiaries on the other. In fact, numerous courts analyzing conflict preemption under Section 514 of ERISA courts have found that claims for breach of fiduciary duty and unjust enrichment asserted by providers who are primarily seeking benefits alleged to be due under benefit plans subject to ERISA are preempted under the doctrine of conflict preemption. *See Roberts*, 2016 WL 3570652, at *3; *Cardona v. Life Ins. Co. of N.*

---

[1] Plaintiffs' claim for exemplary damages should be dismissed along with the claim for breach of fiduciary duty.

*Am.*, No. 3:09-CV-0833, 2009 WL 3199217, at *3 (N.D. Tex. Oct. 7, 2009). Thus, Plaintiffs' claims are also preempted under the doctrine of conflict preemption.

Based upon the foregoing, it is apparent that Plaintiffs' claims for breach of fiduciary duty and unjust enrichment are preempted. As a result, those claims should be dismissed.

> **B. Plaintiffs Cannot Bring Claims for Breach of Fiduciary Duty and Unjust Enrichment as a Disguised Attempt to Seek Equitable Relief Under Section 502(a)(3) of ERISA.**

In another misguided attempt to preserve their claims, Plaintiffs argue that their claims should not be dismissed because the claims for breach of fiduciary duty and unjust enrichment are equitable in nature and may therefore be construed as claims for appropriate equitable relief under Section 502(a)(3) of ERISA. Plaintiffs' arguments simply lack any basis in the law.

At the outset, there is not a single reference to Section 502(a)(3) of ERISA in the Complaint. Plaintiffs have simply asserted claims that are equitable in nature, which is far from the equivalent of asserting a claim for equitable relief under Section 502(a)(3) of ERISA. Plaintiffs should not be permitted to amend their claims on the fly and inject new theories into the Complaint.

Furthermore, even if there was a claim under Section 502(a)(3) in the Complaint, which there is not, such a claim would fail. Plaintiffs admit throughout the Response that their claims for breach of fiduciary duty and unjust enrichment arise out of the denial of benefits alleged to be due under ERISA-governed benefit plans. It is well-settled that a party cannot maintain a claim for equitable relief under Section 502(a)(3) of ERISA where that party may also maintain a claim for benefits under Section 502(a)(1)(B). *Wilson v. BlueCross BlueShield of Texas*, No. 4:16-cv-0436, 2016 WL 1215430, at *11 (S.D. Tex. Mar. 31, 2017). Because Plaintiffs have asserted a claim for benefits under Section 502(a)(1)(B), Plaintiffs are foreclosed from asserting a claim under Section 502(a)(3) of ERISA.

Similarly, Plaintiffs cannot maintain a claim for equitable relief under Section 502(a)(3) to "disgorge" amounts that were paid to or earned by Cigna. Numerous courts have held that a party cannot bring a claim under Section 502(a)(3) to disgorge profits from claim administrators or other ERISA fiduciaries where the claimant can also maintain a claim for benefits under Section 502(a)(1)(B). *See Sexton v. Standard Ins. Co.*, No. 13-c-7761, 2014 WL 1745420, at *2 (N.D. Ill. Apr. 30, 2014) *citing Rochow v. Life Ins. Co. of N. Am.*, 737 F.3d 415 (6th Cir.2013); *Hannon v. Unum Life Ins. Co.*, No. No. 1:14–cv–235–WTL–DKL, 2014 WL 4352156, at *2 (S.D. Ind. Sept. 2, 2014). Because Section 502(a)(1)(B) of ERISA provides Plaintiffs with a remedy, Plaintiffs may not also proceed under Section 502(a)(3) for breach of fiduciary duty or other equitable relief. *Id*.

### C. Plaintiff Lacks Standing to Pursue Claims for Breach of Fiduciary Duty or Claims Arising Under Self-Funded Plans.

It is undisputed that Plaintiffs can maintain claims to recover benefits alleged to be due under benefit plans administered or insured by Cigna only to the extent that they obtained valid assignments of benefits from the plan beneficiaries. Plaintiffs assert that the allegations in the Complaint are sufficient to demonstrate that they have standing to maintain both (1) claims for breach of fiduciary duty, and (2) claims for benefits under self-funded plans. However, as demonstrated below, the allegations in the Complaint fall short.

#### 1. Plaintiffs Lack Standing to Maintain Claims for Breach of Fiduciary Duty Under ERISA-governed Plans.

Plaintiffs do not contest the fact that, under Fifth Circuit precedent, a general assignment of the right to recover benefits does not automatically confer a provider with the right to maintain a claim for breach of fiduciary duty under ERISA. According to the Fifth Circuit Court of Appeals, "only an express and knowing assignment of an ERISA fiduciary breach claim is valid." *Tex. Life, Accident & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord*, 105 F.3d 210, 218 (5th

Cir. 1997). Under this standard, for a medical care provider to have derivative standing to maintain a claim for breach of fiduciary duty, it must plead that its "patients expressly and knowingly assigned their rights to sue for breach of fiduciary duty." *Am. Surgical Assistants, Inc. v. Great W. Healthcare of Tex., Inc.*, 2010 WL 565283, at *4 (S.D. Tex. Feb. 17, 2010); *Texas Life, Acc. Health & Hosp. Service Ins. Guar. Ass'n*, 105 F.3d at 218 (only an express and knowing assignment of an ERISA fiduciary breach claim is valid).

The allegations in the Complaint are insufficient to demonstrate that any Cigna plan beneficiaries expressly and knowingly assigned the right to sue for breach of fiduciary duty under ERISA to Victory. For example, Plaintiffs fail to attach even a single representative assignment to the Complaint. Similarly, Plaintiffs fail to quote the relevant language of the assignments that purportedly confer Plaintiffs with the right to bring claims for breach of fiduciary duty under ERISA. Instead, Plaintiffs rely solely on the conclusory statement that Cigna Subscribers executed assignment documentation, which included an assignment of the causes of action for breach of fiduciary duty. (Complaint, ¶ 50). This lone statement is simply insufficient to demonstrate that the "documentation" provided to plan beneficiaries contained an "express and knowing" assignment of a claim for breach of fiduciary duty under ERISA, as required by the Fifth Circuit. *Tex. Life, Accident & Hosp. Serv. Ins. Guar. Ass'n*, 105 F.3d at 218.

### 2. Plaintiffs Lack Standing to Pursue Claims for Benefits Under Self-Funded Plans.

In addition to failing to demonstrate that Plaintiffs have the right to pursue claims for breach of fiduciary duty, the Complaint also demonstrates that Plaintiffs cannot pursue claims for benefits under self-funded plans. In the Complaint, Plaintiffs assert that the assignments that were purportedly obtained from the Cigna beneficiaries are limited to an assignment of

"insurance benefits." (Complaint, ¶ 23) (the admission paperwork included an irrevocable assignment and an assignment of insurance benefits).

The Fifth Circuit recently considered whether self-funded benefit plans are subject to the Texas regulatory scheme governing insurance, and concluded that self-funded plans do not fall within the same regulatory framework as insurance policies. *Health Care Serv. Corp. v. Methodist Hosps. of Dallas*, 814 F.3d 242, 248 (5th Cir. 2016) (citing *Tex. Dep't of Ins. v. Am. Nat'l Ins. Co.*, 410 S.W.3d 843, 849 (Tex. 2012)). Thus, although Plaintiffs may have standing to pursue benefits under fully insured plans, Plaintiffs lack standing to bring causes of action to recover benefits under the self-funded plans. *See Biohealth Med. Lab., Inc. v. Connecticut Gen. Life Ins. Co.*, No. 1:15-CV-23075-KMM, 2016 WL 375012, at *3 (S.D. Fla. Feb. 1, 2016) (dismissing claims arising under self-funded plans for lack of standing); *Med. Univ. Hosp. Auth./Med. Ctr. of the Med. Univ. of S. Carolina v. Oceana Resorts, LLC*, No. 2:11-CV-1522, 2012 WL 683938, at *8 (D.S.C. Mar. 2, 2012) ("Because the terms of the Consent Form do not cover self-funded employee benefits plans, the Consent Form did not give MUSC derivative standing."). To the extent the Trustee is making any claims under self-insured plans, such claims should be dismissed with prejudice.

## III. CONCLUSION

Based upon the foregoing and as set forth more fully in Defendants' Motion to Dismiss, Defendants request the Court dismiss, with prejudice, the Plaintiffs' claims for breach of fiduciary duty, unjust enrichment, and exemplary damages.

Dated: May 15, 2017

Respectfully submitted,

*/s/ Eliot T. Burriss*
Eliot T. Burriss
State Bar No. 24040611
McDermott Will & Emery
2501 N. Harwood, Suite 1900
Dallas, Texas 75201
(Tel) 214.295.8093
(Fax) 972.920.3117
eburriss@mwe.com

**Counsel for Defendants Connecticut General Life Insurance Company and Cigna Corporation**

# CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on May 15th, 2017, and has been served on all counsel via the Court's CM/ECF system.

*/s/Eliot T. Burriss*
Eliot T. Burriss