In the United States District Court
For the Eastern District of Texas
Beaumont Division

| | |
|---|---|
| **Victory Medical Center Beaumont LP and Neil Gilmour, Trustee for the Grantor Trust of Victory Parent Company LLC** <br> Plaintiff <br><br> v. <br><br> **Connecticut General Life Insurance Company and Cigna Corporation** <br> Defendants | Civil Action No. 1:17-CV-00048 |

**Plaintiff's Sur-Reply in
Opposition to Defendants' Motion to Dismiss**

On May 15, 2017, Cigna[1] filed a Reply in Support of Defendants' Motion to Dismiss. (Doc. 7.) Victory Beaumont[2] files this very brief sur-reply to address certain misunderstandings and misstatements in Cigna's Reply.

**A.      Victory Beaumont's claims are broader than Cigna suggests.**

Cigna suggests that Victory Beaumont's claims for breach of fiduciary duty and unjust enrichment are really just claims for payment of benefits under 29 U.S.C. § 1132(a)(1)(B).[3] (Doc. 23 at 2–6.) If that were true, then Victory Beaumont's claims for breach of fiduciary duty and unjust enrichment would be duplicative of its claims for unpaid benefits. But it is not true.

---

[1] The term "Cigna" refers to both defendants, collectively.

[2] The term "Victory Beaumont" refers to both plaintiffs, collectively.

[3] The relevant statute is known as both "ERISA § 502" and "29 U.S.C. § 1132." For the sake of consistency and ease of refence, this Sur-Reply will refer to the provision by its codification, § 1132.

1

Rather, Victory Beaumont's claims for breach of fiduciary duty and unjust enrichment stem not from Cigna's failure to pay Victory Beaumont's submitted claims but from the payment of cash to Cigna by its customers as a reward for withholding payment on Victory Beaumont's claims:

> Accordingly, Victory Beaumont requests that the Court enter an order finding Cigna liable [for breach of fiduciary duty] and awarding damages to Victory Beaumont in an amount to be proven at trial including, but not limited to, ***disgorgement of all amounts Cigna received from the Plans (including specifically any compensation Cigna received based on "savings" it generated for the Plans)***.

(Doc. 1 at 15 (emphasis added).) Victory Beaumont's claim for unjust enrichment uses substantially the same language to request the same relief:

> To the extent Cigna received additional compensation as a result of achieving "savings" in this manner, Cigna has been unjustly enriched at the expense of Victory Beaumont. [¶] Victory Beaumont is entitled to a judgment against Cigna for the full amount of such unjust enrichment.

(Doc. 1 at 15.)

Where a claim for benefits under Section 1132(a)(1)(B) is not adequate to make the plaintiff whole, the plaintiff may simultaneously pursue claims under both Section 1132(a)(1)(B) and Section 1132(a)(3). *See Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710 (6th Cir. 2005) (allowing a plaintiff to pursue claims under both sections because the recovery under Section 1132(a)(1)(B) would not redress all of the plaintiff's injuries); *Moyle v. Liberty Retirement Benefit Plan*, 832 F.3d 948 (9th Cir. 2016) (same); *see also Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015) (en banc) (holding that where recovery under Section 1132(a)(1)(B) was adequate to make the plaintiff whole, that plaintiff could not simultaneously pursue a claim under Section 1132(a)(3) because it would result in a double recovery).

In the case at bar, Cigna was unjustly enriched *both* (a) by being able to keep funds it should have paid to Victory Beaumont *and* (b) by receiving cash payments from its customers for withholding those funds. To the extent that Victory Beaumont seeks to recover (a), such a recovery must come under Section 1132(a)(1)(B). But to the extent that Victory Beaumont seeks to recover (b), that recovery can only come under Section 1132(a)(3). Thus, because recovery under Section 1132(a)(1)(B) would not make Victory Beaumont whole, it may pursue claims under both sections simultaneously.

**B.     Cigna wants to hold Victory Beaumont to a higher burden of proof than is proper for a motion to dismiss under Rule 12(b)(6).**

Cigna's Reply suggests Victory Beaumont should have to prove its claims before Cigna has even denied its allegations:

> Plaintiffs fail to attach even a single representative assignment to the Complaint. Similarly, Plaintiffs fail to quote the relevant language of the assignments that purportedly confer Plaintiffs with the right to bring claims for breach of fiduciary duty under ERISA. Instead, Plaintiffs rely solely on the conclusory statement that Cigna Subscribers executed assignment documentation, which included an assignment of the causes of action for breach of fiduciary duty.

(Doc. 7 at 7 (citing Complaint ¶ 50).)

First, Victory Beaumont will not rehash the arguments set forth in its Response except to say that Cigna's narrow and pro-defendant construction of the Complaint conflicts with the Court's obligation to construe the allegations in the Complaint liberally and in the light most favorable to the plaintiff. (*See* Doc. 6 at 8–11.)

Second, Cigna's innuendos and speculation about what documents may or may not say is immaterial and improper. Cigna, too, could have attached representative assignments; it chose not to. Victory Beaumont will eventually have to prove its case, but a response to a motion to dismiss

3

under Rule 12(b)(6) is not the time or place for that. The Court should limit its review to what is properly before the Court—the Complaint itself.

The relevant paragraph states in full:

> Victory Beaumont routinely and customarily obtained from its patients and Cigna Subscribers an ***assignment of benefits*** and a personal guarantee to cover any balance due for healthcare services after Victory Beaumont was reimbursed by Cigna the amount allowable under the applicable Plan under which a claim was submitted. Specifically, Victory Beaumont's admission paperwork included an ***irrevocable assignment of insurance benefits***. The paperwork included with Victory Beaumont's claim submissions to Cigna notified Cigna that Victory Beaumont acquired an ***assignment of benefits*** for each claim submitted.

(Doc. 1 at 7 (¶ 23, emphasis added).) Plaintiffs alleged both an "assignment of benefits" *and* an "assignment of insurance benefits." When the language of the Complaint is construed liberally and in favor of the plaintiff, taking all facts pleaded as true, Plaintiffs have adequately pleaded standing to assert claims against both insured and self-funded plans.

**C.    If claims are completely preempted, then they cannot be conflict preempted.**

Cigna appears to argue that Victory Beaumont's claims for breach of fiduciary duty and unjust enrichment are both completely preempted and conflict preempted. (Doc. 7 at 2–5.) But if a claim is completely preempted, then it is a federal claim and not subject to conflict preemption.

If, as the parties agree, Victory Beaumont's claims are completely preempted by ERISA, then they are "necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). Claims that are necessarily federal in character are necessarily *not* state law claims. Only state law claims can be subject to conflict preemption. Federal claims cannot conflict-preempt themselves. *See, e.g., Mid-Town Surgical Center, LLP v. Humana Health Plan of Texas, Inc.*, 16 F. Supp. 3d 767, 779 (S.D. Tex. 2014) (noting the elements of conflict preemption). Or,

4

as the 6th Circuit has noted, "If an ostensible state-law claim is in fact an ERISA claim, it cannot be dismissed as preempted by ERISA; that is, ERISA cannot preempt an ERISA claim." *Loffredo v. Daimler AG*, 500 Fed. Appx. 491, 501 (6th Cir. 2012) (Moore, J., concurring).

**D.     What to do with completely preempted claims is an open question in the 5th Circuit.**

Cigna suggests that dismissal is "the prevailing view, including the view that the Fifth Circuit Court of Appeals appears to endorse." (Doc. 7 at 4.) While it is true that some courts have determined that dismissal was the better option in that case,[4] the 5th Circuit has not determined the question or endorsed either approach. On the contrary, the only 5th Circuit case cited by either party expressly avoided the question:

> ***We do not decide the appropriate course of action for claims found to be completely preempted***. As a general rule, when a claim is completely preempted, it is considered to be grounded in federal law even if pleaded in terms of state law. That is the rationale behind allowing complete preemption to serve as an exception to the well-pleaded complaint rule. Yet that doctrinal theory does not answer the question, "What is the status of that claim?" ***District courts in this circuit are split***. Most hold that complete preemption results in dismissal of the state-law claim, even though they typically allow plaintiffs to replead and assert the dismissed state law claims as federal claims. Defendants, as well as the Second Circuit, urge this approach. But ***at least one of our district courts [the Western District of Texas] does not dismiss the claim, instead treating it as having become a properly asserted federal claim and proceeding to adjudicate it on the merits***. ***We have never squarely addressed this question***, even though our decision in *GlobeRanger* [*Corp. v. Software AG*, 691 F.3d 702 (5th Cir. 2012)] appears to provide support for the dismissal approach.
>
> ***The parties did not brief this issue, and the district court did not appear to consider it***. . . .

---

[4] *Roberts v. Reynolds & Reynolds Trucking, Inc.*, No. 3:15-CV-3662-B, 2016 WL 3570652, at *3 (N.D. Tex. July 1, 2016) (unpub.).

5

*Spears Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 598 n.62 (5th Cir. 2015) (internal quotations, citations, and revisions omitted; emphasis added). Thus, the question of dismissal versus conversion remains an open question in this circuit. But if the Court determines that dismissal is the better approach, the appropriate remedy would be dismissal without prejudice with leave to replead. Victory Beaumont respectfully requests that it be granted such leave, if necessary.

## Conclusion

For the reasons set forth above and in Victory Beaumont's response to the motion to dismiss, the Court should deny the motion. If, however, the Court should determine that repleading is necessary, Victory Beaumont requests that the Court grant such leave. Victory Beaumont further requests such other and further relief to which it may be entitled.

Respectfully submitted,

**Hawash Cicack & Gaston LLP**

 */s/ Walter J. Cicack*
Walter J. Cicack
Texas Bar No. 04250535
wcicack@hcgllp.com
Jeremy M. Masten
Texas Bar No. 24083454
jmasten@hcgllp.com
2118 Smith Street
Houston, Texas 77002
(713) 658-9001 – tel
(713) 658-9011 – fax

**Attorney for Plaintiffs**

## Certificate of Service

I certify that a true and correct copy of the foregoing was served on the following counsel of record through the CM/ECF system on May 19, 2017:

Eliot T. Burriss          Counsel for Defendants
McDermott Will & Emery
2501 N. Harwood, Suite 1900
Dallas, Texas 75201

                                           */s/ Jeremy M. Masten*
  &nbsn;                                         Jeremy M. Masten