** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| VICTORY MEDICAL CENTER BEAUMONT, LP, ET AL. § § § *Plaintiff,* § § § v. § § CONNECTICUT GENERAL LIFE § INSURANCE COMPANY & § CIGNA CORPORATION § § *Defendants.* § | CIVIL ACTION No. 1:17-CV-48 JUDGE RON CLARK PRD |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS LEAVE TO AMEND

Defendants Cigna Corporation and Connecticut General Life Insurance Company (collectively "Cigna" or "Defendants") move to dismiss certain claims in the Complaint for failure to plead adequate facts to state plausible claims pursuant to Rule 12(b)(6). Dkt. # 4 (Mot.); Dkt. # 7 (Reply). This case arises out of Cigna's alleged failure to provide payment on certain subscribers' insurance claims after those subscriber patients received treatment at Plaintiff Victory Medical Center Beaumont, LP ("Victory Beaumont"). Mot., Dkt. # 4, at p. 9. Victory Beaumont and its bankruptcy trustee, Plaintiff Neil Gilmour brought suit to collect payment.[1] Victory Beaumont contends that it received an assignment of benefits from patient subscribers that allow it, a provider, to pursue these claims.

Defendants move to dismiss Plaintiffs' claims for breach of fiduciary duty, unjust enrichment, and exemplary damages (Claims Three, Four and Six). Defendants contend (1) that

---

[1] Victory Beaumont filed for Chapter 11 bankruptcy on June 12, 2015.

1

Plaintiffs lack standing to pursue claims against Cigna, and (2) that these claims are preempted because they duplicate relief available under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs argue that Victory Beaumont has derivative standing based on the patients' assignment of rights and that dismissal of their state law claims is not required, even though ERISA provides some form of relief. Pls.' Opp., Dkt. # 6.

The court finds that Victory Beaumont has standing to bring the claims challenged in Defendants' motion, Plaintiffs' claims for breach of fiduciary duty, unjust enrichment, and exemplary damages. The court also finds that these state-law claims are preempted by ERISA, but Plaintiffs are entitled to re-plead the breach of fiduciary duty and exemplary damages claims as federal ERISA claims. Defendants' motion shall be granted in part, the court shall dismiss the claims for breach of fiduciary duty, unjust enrichment, and exemplary damages, and Plaintiffs shall be granted leave to re-plead the breach of fiduciary duty and exemplary damages claims as federal claims. Any such amendment shall be served and filed by the deadline below.

## I. BACKGROUND

The following facts are taken from the Complaint (Dkt. # 1) and are viewed in the light most favorable to Plaintiff Victory Beaumont and Plaintiff-Trustee Neil Gilmour.

Victory Beaumont is a medical center in Beaumont, Texas. Victory Beaumont obtained an assignment of benefits from its patients (subscribers to the Plans), through its protocol paperwork, which allegedly allows it to bring claims against the insurance companies on behalf of those patient subscribers. Cigna Corporation and Connecticut General Life Insurance Company are health insurance companies that provide healthcare benefit plans for individuals ("the Plans"). Victory Beaumont at all relevant times was considered by Cigna to be an "out-of-network provider." As an out-of-network provider, Victory Beaumont had no preexisting arrangement with Cigna. There were no agreed-to discounted rates between Cigna and Victory Beaumont, as there

might have been if Victory Beaumont were an "in-network provider." Victory Beaumont billed Cigna according to a program called "Chargemaster."

According to Victory Beaumont, between April 2013 and March 2015, Cigna allegedly began "flagging" Victory Beaumont's claims, directing those claims to a special investigation unit at Cigna, and the claims would languish, leaving Victory Beaumont unpaid. In August 2013, Cigna contacted Victory Beaumont and reported that it had determined that Victory Beaumont had engaged in an improper fee-forgiveness protocol and that because of this, Cigna had a right to deny any and all claims submitted by Victory Beaumont.

According to the Complaint, "fee-forgiveness" is when a healthcare provider improperly fails to collect co-pays, co-insurance, or deductibles from the insured. According to Victory Beaumont, Cigna considers this a form of insurance fraud and justified non-payment on those claims because of "fee-forgiveness." Sometime in or around August 2013, Cigna stated that in light of its determination that Victory Beaumont was engaging in improper fee-forgiveness on certain claims, it would only pay Victory Beaumont what Cigna Subscribers owed rather than the full amount that would be owed to a provider under the Plans. Plaintiffs allege that this scheme of conduct and Cigna's ultimate decision not to pay the full amount that was owed violated the terms of the Plans and ERISA. Victory Beaumont denies that it engaged in improper fee-forgiveness and states that even if it was engaged in such a scheme, it does not justify Cigna's non-payment.

In March or April 2015,[2] Victory Beaumont and Cigna signed what Victory Beaumont refers to as a "Settlement Agreement," regarding the money allegedly owed to Victory Beaumont. As part of the agreement, the parties agreed that Victory Beaumont would become an "in-network provider" and that Cigna would pay certain outstanding Victory Beaumont claims at the new,

---

[2] Neither party provided the exact date on which the Settlement Agreement was executed.

discounted in-network rates rather than the higher, out-of-network rates that were in place at the time the services were rendered. Victory Beaumont claims that pursuant to the agreement, it collected from Cigna a mere $700,000 on claims that were valued at approximately $5 million. Victory Beaumont claims that it should have received "at least $3 million" for those insurance claims. Dkt. # 1 at p. 11. Victory Beaumont filed for bankruptcy a few months later, in June 2015 (Case Number 14-42384).

Victory Beaumont and its Bankruptcy Trustee Neil Gilmour filed this lawsuit in January 2017. They seek to recover the money that is allegedly owed to Victory Beaumont in underpayments and a court order rescinding the prior 2015 agreement between Plaintiff Victory Beaumont and Cigna.

In the original Complaint, Plaintiffs assert the following claims:

**Claim 1 – Avoidance of the Settlement Agreement and recovery of constructively fraudulent transfers under Tex. Bus. & Comm. Code – (The Trustee);**
**Claim 2 – Declaration of Invalidity – Economic Duress (a finding of economic duress);**
**Claim 3 – Breach of fiduciary duty;**
**Claim 4 – Unjust Enrichment;**
**Claim 5 – Attorney's Fees; and**
**Claim 6 – Exemplary Damages (as a result of Breach of Fiduciary Duty)**

Because Defendants challenge only the claims for breach of fiduciary duty claim (Claim Three), unjust enrichment (Claim Four), and exemplary damages (Claim Six), the court does not address the remaining claims in this Order.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss argues that irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing

that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss under Rule 12(b)(6), the court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013) (internal citations and quotations omitted). In doing so, the court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then determine whether those facts are sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

**A. Plaintiff Victory Beaumont has derivative standing to sue for claims related to insured and self-funded Cigna plans.[3]**

Plaintiff Victory Beaumont's pleadings state that it has derivative standing to sue on behalf of Cigna Subscribers, or Victory Beaumont's patients, because those patients assigned Victory Beaumont rights to collect on payment. This is sufficient to withstand a 12(b)(6) challenge on this issue.

---

[3] Defendants do not assert that Plaintiff-Trustee Neil Gilmour has standing, but because Mr. Gilmour is the Bankruptcy Trustee, his standing wholly depends on Victory Beaumont's.

It is well-established that derivative standing to enforce a beneficiary's claims arises by a virtue of a valid assignment of benefits granted to the provider by the plan participant or beneficiary. *Tango Transport v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 892 (5th Cir. 2003) (articulating policy reasons for derivative standing to providers); *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 333–34 (5th Cir. 2005). Courts in this Circuit routinely recognize derivative standing for a Plan by virtue of this type of assignment; however, there appears to be a split as to how explicit the assignment must be with regard to certain ERISA claims, such as a claim for breach of fiduciary duty. *See, e.g. Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 947, 949 (E.D. Tex. 2011) (finding that the assignment language that "this is a direct assignment of my rights and benefits under this policy," was sufficient to confer standing for ERISA claims, pursuant to the Eleventh Circuit's reasoning that "an assignment to receive payment of benefits necessarily incorporates the right to seek payment.") (citing *Conn. State Dental v. Anthem Health Plans*, 591 F.3d 1337, 1352 (11th Cir. 2009)); *compared with Mid-town Surgical Center v. Humana Health Plan*, 16 F. Supp. 3d 767, 775 (S.D. Tex. 2014) ("This assignment references only payment . . . It does not refer to any . . . ERISA breach of fiduciary duty, or other non-benefits ERISA claims. Thus, this assignment is insufficient as a matter of law to assign [the plan] the [participants'] . . . non-benefits ERISA claims.").

While there is no assignment documentation attached to the Complaint—perhaps because it is allegedly "hundreds of pages" (*see* Pls.' Opp, Dkt. # 6, at p. 9)—there is language in the Complaint that adequately demonstrates facts supporting Plaintiffs' claim that it has derivate standing. The Complaint explicitly states:

> 23. Victory Beaumont routinely and customarily obtained from its patients and Cigna Subscribers an assignment of benefits and a personal guarantee to cover

6

> any balance due for healthcare services after Victory Beaumont was reimbursed by Cigna the amount allowable under the applicable Plan under which a claim was submitted. Specifically, Victory Beaumont's admission paperwork included an irrevocable assignment of insurance benefits. The paperwork included with Victory Beaumont's claim submissions to Cigna notified Cigna that Victory Beaumont acquired an assignment of benefits for each claim submitted.
>
> 48. Victory Beaumont, as assignee of the Cigna Subscribers' benefits and causes of action, has standing to assert this claim on their behalf . . . .
>
> 50. In the case at bar, Cigna owed Cigna Subscribers a fiduciary duty to discharge its obligations under the Plans exclusively in their best interest. When the Cigna Subscribers received healthcare treatment form Victory Beaumont, they executed valid and enforceable assignment of benefits documentation, *assigning to Victory Beaumont their rights and benefits under the Plans and causes of action for breach of fiduciary duty*.

Complaint, Dkt. # 1, at pp. 7, 14–15 (emphasis added). The court must construe the Complaint liberally in favor of Plaintiffs and take all well-pleaded facts in the Complaint as true. *See Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quotations removed).

Based on paragraphs 23, 48, and 50 of the Complaint, Plaintiffs pleaded sufficient facts to demonstrate that they have derivative standing to pursue the claims at issue. The emphasized portion of the last block quote is of particular importance, as it explicitly states that the paperwork assigns to Victory Beaumont "causes of action for breach of fiduciary duty." For pleading purposes, this is enough to state a plausible claim that Plaintiffs have standing.

Defendants cite several cases for the proposition that "only an express and knowing assignment of an ERISA fiduciary breach claim is valid" and that a medical care provider "*must* plead" that patients "expressly and knowingly assigned their rights to sue for breach of fiduciary duty." Mot., Dkt. # 4, at p.13. A breach of fiduciary duty claim, because of its ripple-effect on a plan and plan participants, requires explicit assignment of a right to pursue such a claim. *Texas*

*Life, Accident Health & Hospital Service Insurance Guaranty Assocation v. Gaylord Entertainment Company*, 105 F.3d 210, 218 (5th Cir. 1997).

But neither party has presented the court with the precise language of the assignment that underlies Plaintiffs' rights to pursue claims. This is limiting, as this court is confined to only the Complaint and those documents attached to the Complaint in considering a Rule 12(b)(6) motion. Because the assignment documentation is not before the court, it is impossible to conclude that the assignment does not meet the bar set out in *Texas Life*, even if it is a high one. The Complaint does allege that Victory Beaumont was provided that assignment of rights, and the court must accept as true this allegation and consider only whether the Complaint states a *plausible* claim. Disputes over the effect of contracts and the assignments, or the language of the assignment, are for summary judgment, when there is a record to support the arguments, rather than pleading.

Defendants also contend that, because Plaintiffs did not attach assignment documentation, the Complaint fails to plead sufficient facts to support a plausible claim for standing. Defendants claim that without an example of the language in the assignment, there is no "express assignment of the right to bring claims." Mot., Dkt. # 4, at p. 14. But Defendants cite no authority for the proposition that reviewing the actual assignment at the pleadings stage is required.

Defendants also complain that even if there was some assignment that would equate to derivative standing, it certainly does not confer standing for Plaintiffs' attempts to collect on self-funded plans, where Cigna Subscribers pay directly to Victory Beaumont but Cigna merely advises, versus other plans where Cigna provides insurance. But that is an issue for summary judgment. Without a complete record and when faced with a Complaint that does, in fact, generally plead an assignment of legal rights, the court rejects the invitation to enter into a summary judgment inquiry at this stage.

**B.     Plaintiffs' breach of fiduciary duty, unjust enrichment, and exemplary damages state law claims should be dismissed because ERISA completely preempts or conflict-preempts them.**

In opposing Defendants' motion, Plaintiffs do not contend that the claims for breach of fiduciary duty, unjust enrichment, and exemplary damages are proper state law claims that should be left as state law claims; in other words, Plaintiffs are not claiming that they are not preempted. Instead, Plaintiffs admit that their claims are "de jure federal ERISA claims" (Dkt. # 6 at p. 6, note 20) and then urge that the breach of fiduciary duty and unjust enrichment claims are claims for appropriate equitable relief under ERISA. Yet Plaintiffs never pleaded these claims as federal ERISA claims in the original Complaint. Regardless of Plaintiffs' apparent acquiescence to the fact that their claims are ERISA claims, it is clear that Plaintiffs' state law claims for breach of fiduciary duty, unjust enrichment, and exemplary damages are preempted by ERISA.

There are two types of preemption under ERISA—complete preemption and conflict preemption. Complete preemption stems from Section 502(a), which sets forth a comprehensive civil enforcement scheme. 29 U.S.C. § 1132(a). Section 502(a) states that "any state-law cause of action that duplicates, supplements, or supplants this scheme conflicts with the congressional intent to make ERISA an exclusive remedy and is therefore preempted." *See Roberts v. Reynolds & Reynolds Trucking, Inc.*, Civ. Action No. 3:15-cv-3662-B, 2016 WL 3570652, at *2 (July 1, 2016) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)); *see also* 29 U.S.C. 1132(a). Conflict preemption, on the other hand, arises from Section 514(a) and is an affirmative defense. *See* 29 U.S.C. § 1144(a). "Section 514(a) preempts state laws that (1) address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2)

affect the relationship among the traditional ERISA entities—the employer, the plan, and its fiduciaries, and the participants and beneficiaries." *Roberts*, 2016 WL 3570652, at *4 (quoting *Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 602 (5th Cir. 2006)) (quotations and citations removed).

"[W]hile both conflict preemption and complete preemption displace state-law claims, they result in different outcomes. Conflict preemption under § 514 is a defense and leads to a dismissal of the state-law claim. Complete preemption under § 502, however, replaces the state-law claim with a federal claim. It eliminates the state-law claim, but it does not lead to dismissal of the federal claim." *Cardona v. Life Ins. Co. of N. Am.*, No. CIVA309-CV-0833-D, 2009 WL 3199217, at *4 (N.D. Tex. Oct. 7, 2009).

### 1. Claim Three

Claims for breach of fiduciary duty are completely preempted under ERISA. *Roberts*, 2016 WL 3570652, at *4 (citing *Aetna Health Inc.*, 542 U.S. at 208–09). Plaintiffs' breach of fiduciary duty claim (Claim Three) is therefore completely preempted and must be dismissed,[4] pursuant to the court's grant of leave to amend that is discussed below. *See Spear Mktg.*, 791 F.3d at 598 n.62.[5]

### 2. Claim Four

---

[4] There is some authority for the proposition that a state law claim that is completely preempted under ERISA should not be dismissed and that complete preemption are not grounds for dismissing state law claims originally filed in, rather than removed to, federal court. *See Mid-town Surgical Center*, 16 F. Supp. 3d at 779. The court addresses the split in authority and the grounds for dismissal in this case in the following section, Section B.

[5] Defendants for the first time in their reply also argue that the state law claims for breach of fiduciary duty and unjust enrichment are conflict preempted. *See* Reply, Dkt. # 7, at p. 4. The court already concluded that the breach of fiduciary duty claim must be re-pleaded, so Defendants' conflict preemption argument as to that claim is moot.

The Fifth Circuit has made clear that unjust enrichment claims are conflict preempted; as such, this claim must be dismissed from the Complaint and may be dismissed with prejudice. In *Access Mediquip L.L.C. v. United Healthcare Insurance Co.*, the Fifth Circuit indicated that an unjust enrichment claim was preempted under conflict preemption rather than complete preemption:

> ERISA preemption protects plans from unexpected financial consequences that could result from routine exposure to state-law claims . . . there is no equivalent way for plan administrators to limit their exposure to state-law unjust enrichment or quantum merit claims. Those claims, if not preempted, would allow any provider who has provided care for which the ERISA plan denied coverage to challenge the ERISA plan's interpretation of its policies in state court. The outcome would run afoul of Congress's intent that the causes of action created by ERISA be the exclusive means of enforcing an ERISA plan's terms, and permit state law to *interfere with the relations among ERISA entities*.

66 F.3d 376, 386–87 (5th Cir. 2011) (emphasis added). The emphasized language tracks conflict preemption not complete preemption. When a claim is conflict preempted by ERISA, because conflict preemption is an affirmative defense, it may be dismissed with prejudice. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 185 (5th Cir.) (in a products liability case, affirming district court's grant of judgment in favor of defendant and dismissal with prejudice based on federal conflict preemption).

Because this Order dismisses these claims, the court need not address the straw-man dispute as to whether Plaintiffs' breach of fiduciary duty and unjust enrichment claims properly seek equitable relief under ERISA. *See* Pl.'s Opp., Dkt. # 6, at pp. 6–8. The court does note, however, that it is well-settled that a plaintiff generally cannot pursue, based on the same facts, a claim for benefits under Section 502(a)(1)(B) and a claim for equitable relief based on Section 502(a)(3). *See Wilwon v. BlueCross BlueShield of Tex.*, Case No. 4:16-cv-0436, 2016 WL 1215430, at *11 (S.D. Tex. Mar. 31, 2017).

### 3. Claim Six

Plaintiffs correctly note that Defendants did not separately or explicitly address the insufficiency of the exemplary damages claim (*see* Pls.' Opp, Dkt. # 6, at pp. 11–12); however, Plaintiffs' exemplary damages claim is based solely on its claim for breach of fiduciary duty. *See* Complaint, Dkt. # 1, at p. 16. Without a breach of fiduciary duty claim left, Plaintiffs have no basis to state a plausible claim for relief through exemplary damages. As such, regardless of whether Defendants properly raised the issue, the court dismisses the exemplary damages claim (Claim Six) and, comporting with its treatment of the underlying breach of fiduciary duty claim, grants Plaintiffs leave to amend and re-plead.

**C.  Plaintiffs are granted leave to re-plead their breach of fiduciary duty and exemplary damages claims as federal ERISA claims.**

Plaintiffs will be afforded to opportunity to re-plead their claims for breach of fiduciary duty and exemplary damages, which were completely preempted, as ERISA claims. There appears a split in authority as to the proper procedural mechanism of dealing with state-law claims that are found to be preempted by ERISA. *See Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 598 n.62 (collecting cases to underscore the split among 5th Circuit district courts). Some courts have opted to treat those claims as having *become* a properly asserted federal claim and adjudicate on the merits without dismissing and forcing plaintiff to re-plead. *See Kersh v. United Healthcare Ins.*, 946 F. Supp. 2d 621, 630 (W.D. Tex. 2013). However, the Fifth Circuit has indicated some favor for the "dismissal approach" in which the state law claims are dismissed and plaintiff is forced to re-plead under ERISA. *See Spear*, 781 F.3d at 598 n. 62 ("[O]ur decision in *Globeranger* appears to provide support for the dismissal approach."). "Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears certain that such repleading [*sic*] would be futile." *Roberts*, 2016 WL 3570652, at *6 (citing *Hitt v. City of Pasadena*, 561

F.2d 606, 608 (5th Cir. 1977); *see also* Cardona, 2009 WL 3199217, at *8 ("When a claim is subject to complete preemption under ERISA, the court typically allows the plaintiff to replead and assert a claim under § 502.") (citation removed).

This court concludes that the dismissal approach more fairly puts Defendants on notice of Plaintiffs' claims and also offers the cleanest approach for the record. To the extent that Plaintiffs moved for leave to amend (*see* Pls.' Opp, Dkt. # 6, at p. 12), such relief is granted. Should Plaintiffs choose to amend their Complaint and assert ERISA claims, Plaintiffs should specify which provisions of the Plans entitled Cigna or Cigna Subscribers benefits that were not received and how the Defendants breached those provisions. Plaintiffs shall also comply with the deadline to amend that is set out below.

## IV. CONCLUSION

For the reasons above, it is THEREFORE ORDERED that Defendants' Motion to Dismiss (Dkt. # 4) is GRANTED IN PART. Counts Three, Four, and Six of the Complaint are dismissed, but Plaintiffs are GRANTED LEAVE to re-file claims Three (breach of fiduciary duty) and Six (exemplary damages) in compliance with this Order.

It is FURTHER ORDERED that, if Plaintiffs seek to amend the Complaint, their deadline to do so shall be **June 30, 2017**. This deadline does not affect any other future deadlines to amend pleadings that may be set by Scheduling Orders in the future.

IT IS FURTHER ORDERED that the Case Management Conference set for **June 15, 2017,** is **CANCELLED.** Should a scheduling conference be required, the court shall set one on a date after Plaintiffs' June 30, 2017 deadline to amend has passed.

**So Ordered and Signed**
**Jun 2, 2017**

_____
Ron Clark, United States District Judge